UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

James Harris,

       Plaintiff,

vs.                                        Case No.  3:06-cv-433-J-32MCR

Frank C. Johns, Jr.; Tater Farms, L.L.C.; FPJ
Enterprises, L.L.C.; and Ronald R. Evans, Sr.,

       Defendants.
_____/

Miguel Pressley, Wilbur Cain, Arbella Eddy,
Kenneth Truitt, Steve Ware, John Washington
and Gregory Wilson,

       Plaintiffs,

vs.                                        Case No.  3:07-cv-30-J-32MCR

Frank C. Johns, Jr.; Tater Farms, L.L.C.; FPJ
Enterprises, L.L.C.; and Ronald R. Evans, Sr.,

       Defendants.
_____/

# O R D E R

     **THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Join Parties

and to Amend Complaint (Doc. 28) filed June 28, 2007.  Defendants filed a response in

opposition to this Motion (Doc. 30) and the Court directed Plaintiffs to file a reply, which

Plaintiffs did on July 25, 2007 (Doc. 32).[1]  Accordingly, the matter is now ripe for judicial

review.

_____

     [1] The Court informed Defendants they were free (but not required) to file a responsive brief,
however, they chose not to.  (Doc. 31).

-1-

## I.  BACKGROUND

This case was initiated by Plaintiff, James Harris, a migrant farm worker for

alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act

("AWPA"), 29 U.S.C. §§1801 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§201 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

18 U.S.C. §§1961 et seq. during his employment in 2002 and 2003.  (Doc. 1).

Subsequently, on January 12, 2007, Plaintiffs Miguel Pressley, Wilbur Cain, Arbella

Eddy, Kenneth Truitt, Steve Ware, John Washington and Gregory Wilson (the "Pressley

Plaintiffs") filed suit against the same Defendants for violations of the AWPA and FLSA

for employment during 2003, 2004 and 2005.  (See Doc. 1 in Case No. 3:07-cv-30-J-

32MCR).

On April 26, 2007, the Court consolidated the two actions and entered an

amended Case Management and Scheduling Order (Doc. 27) setting July 27, 2007 as

the deadline for seeking amendments and third party practice and November 2, 2007 as

the discovery deadline.  Plaintiffs filed the instant Motion on June 28, 2007, seeking to

amend the Complaint filed by the Pressley Plaintiffs to add five new plaintiffs with

"claims identical to those of the [Pressley] Plaintiffs for employment during 2003, 2004

and 2005" and "to provide additional minor factual detail as to the types of agricultural

produce harvested giving rise to the claims of the plaintiffs under the [AWPA]."[2]  (Doc.

---

[2]  The proposed Amended Complaint is virtually identical to original Pressley Complaint. The only differences noted by the Court include the addition of the new plaintiffs and in the Original Complaint, the Plaintiffs refer to the cabbage season, whereas in the proposed Amended Complaint, the Plaintiffs refer to the cabbage and potato seasons.  Additionally, in Count I, the Amended Complaint lists the 2004-2005 season as running from October 2004 through June 2005, whereas the Original Complaint listed the season as running from October 2004 through May 2005.

29, p.4).  Defendants oppose this Motion, claiming that Plaintiffs are simply trying to

resurrect time-barred claims under the AWPA and FLSA.  (Doc. 30).

## II.  ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to

the complaint has been filed, "a party may amend the party's pleading only by leave of

court or by written consent of the adverse party; and leave shall be freely given when

justice so requires."  The decision as to whether to grant leave to amend a complaint

under Rule 15 falls within the sound discretion of the trial court.  Zenith Radio Corp. v.

Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).  However, in

exercising that discretion, the Court must keep in mind that the mandate to freely permit

amendments "is to be heeded."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230

(1962).

The Supreme Court has identified several circumstances which can warrant

denial of leave to amend: "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to opposing party by virtue of allowance of the amendment, futility of

amendment, etc."  Foman, 371 U.S. at 182, 83 S.Ct. at 230.  In the instant case,

Defendants argue that the proposed amendments by the putative plaintiffs would be

futile, because such claims are time barred.  Specifically, Defendants object that

putative plaintiff, Charles Livingston's claim under the AWPA for the period January

2003 through May 2003 is time barred.  (Doc. 30, p.2).  Additionally, Defendants take

issue with putative plaintiffs, Gary Grider, Charles Livingston, William Miller and Dwight

Smith's claims under the FLSA for violations during the spring 2004 season.  Id.

Plaintiffs respond first that the only claims subject to a statute of limitations defense are Charles Livingston's claims under the AWPA (for the time period January 2003 through May 2003) as well as Mr. Livingston and Dwight Smith's claims under the FLSA for the 2004 harvest season.  (Doc. 32, p.3).[3]  Plaintiffs also argue that with respect to the claims subject to the statute of limitations, such claims should relate back to the date of the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (Doc. 32).

The Court has reviewed the Original Complaint and the proposed Amended Complaint and agrees with Plaintiffs that the only claims subject to a statute of limitations defense are Charles Livingston's claims under the AWPA (for the time period January 2003 through May 2003) and Livingston and Dwight Smith's claims under the FLSA for the 2004 harvest season.  Accordingly, the Court will examine the relation back doctrine with respect to these claims.

"Rule 15(c) permits a plaintiff to amend a complaint to add a claim involving an existing party or a new party that, if filed as an entirely new lawsuit would be barred by the statute of limitations."  Olech v. The Village of Willowbrook, 138 F.Supp.2d 1036, 1040-41 (N.D. Ill. 2000) (citing, Jones v. Wysinger, 815 F. Supp. 1127, 1129 (N.D. Ill. 1993).  This relation back is permitted if the amended complaint satisfies the requirements of Rule 15(c), that the amended complaint "arose out of the conduct, transaction, or occurrence set forth in or attempted to be set forth in the original pleading."  Rule 15(c)(2), Fed.R.Civ.P.  However, when an amended complaint seeks to

---

[3]  Plaintiffs point out that the FLSA claims of Gary Grider and William Miller are not within the three year statute of limitations because they were employed only for the season from October 2004 to June 2005.  (Doc. 32, Ex. 2, ¶20).

add new parties rather than simply amending the allegations in the complaint, "the relation back rule is more stringent." <u>Cliff v. Payco General American Credits, Inc.</u>, 363 F.3d 1113, 1131 (11th Cir. 2004).  When adding a new plaintiff, an amended complaint will relate back only if the provisions of Rule 15(c)(2) are satisfied, the amendment does not prejudice the defendant(s) and the original complaint provided the defendant(s) with adequate notice of the claims raised by the newly-added plaintiffs. <u>Hughes v. American Tripoli, Inc.</u>, 2007 WL 2010786 at *2 (M.D. Fla. 2007) (citing, <u>Cliff</u>, 363 F.3d at 1132). Accordingly, to determine whether relation back will apply, the Court needs to decide if the claims of the new plaintiffs arose out of the same conduct set forth in the original complaint, whether Defendants had adequate notice and whether Defendants will suffer unfair prejudice if the amendment is permitted.

> ### A.    Same Transaction or Occurrence

In reviewing both the Original and the proposed Amended Complaints, the Court is satisfied that the claims of Livingston and Smith arose out of the same transaction or occurrence.  The only two counts of the complaints at issue are Count III and Count IV. Count III of the Original Complaint stated the claims of Plaintiff Kenneth Truitt for the spring 2003 cabbage season (from January through May 2003) for failure to disclose, failure to pay wages due, failure to pay employment taxes, record keeping violations, housing conditions and breach of the work arrangement.  (Doc. 1, ¶¶50-66).  In Count III of the proposed Amended Complaint, Charles Livingston is seeking to join the identical claims for the same time period. (Doc. 28-2, ¶¶50-66).  The only difference is that the proposed Amended Complaint refers to the cabbage and potato season, rather than just the cabbage season.  Plaintiffs explain that during discovery they first learned of the

potato harvest.  (Doc. 32, p.5).  Plaintiffs state that "each year near the end of the

cabbage harvest season, some of the plaintiffs worked less than a month, and perhaps

as little as two weeks loading potatoes for defendants Frank Johns and his businesses."

(Doc. 32, p.6).  The Court does not believe the addition of the work during the very brief

potato season is enough to defeat the same transaction and occurrence test and

therefore, finds Plaintiffs have shown Charles Livingston's claims in Count III of the

proposed Amended Complaint arise from the same transaction and occurrence as the

claims in Count III of the Original Complaint.

Count IV of the Original Complaint stated claims for violations of the minimum

wage provisions of the FLSA for the cabbage seasons of 2004 (commencing January

12, 2004) and 2005 for the seven original plaintiffs.  (Doc. 1, ¶¶67-79).  In Count IV of

the proposed Amended Complaint, plaintiffs Livingston and Smith seek to join the

identical claims against the same defendants for the 2004 cabbage and potato season,

commencing January 12, 2004.  (Doc. 28-2, ¶¶ 67-79).  Again, the Court finds Plaintiffs

have shown Livingston and Smith's claims in Count IV of the proposed Amended

Complaint arise from the same transaction and occurrence as the claims in Count IV of

the Original Complaint.

## B.    Adequate Notice

Adequate notice requires that based on the original pleading, a defendant either

knows or should have known "that it would be called upon to defend against claims

asserted by the newly-added plaintiff."  Hughes, 2007 WL 2010786 at *2; Cliff, 363 F.3d

at 1132.  In this case, the original complaint clearly puts Defendants on notice that they

have potentially violated the rights of the farm workers hired for the 2003, 2004 and

2005 seasons.  Livingston and Smith were farm workers hired for those seasons and

Defendants clearly should have known that both men would have such claims.

Accordingly, the Court finds Defendants had adequate notice that they could be called

upon to defend against the claims of Livingston and Smith.[4]

### C.    Unfair Prejudice

Defendants argue they would be prejudiced by the proposed amendment

because it would "unnecessarily delay this litigation and lead to unnecessary and

burdensome discovery on time-barred claims."  (Doc. 30, p.6).  However, as Plaintiffs

point out, discovery is ongoing and does not close until November 2, 2007.  Defendants

have not yet taken any of the Plaintiffs' depositions.  Should Defendants feel they need

additional time, they are free to request an extension.  Additionally, Plaintiffs allege that

Defendants' records do not distinguish between work in cabbage and work in potatoes.

(Doc. 32, p.6).  Therefore, Defendants cannot claim any prejudice as a result of the

addition of the claims regarding the potato season work.

Defendants also argue that Plaintiffs improperly rely on Rule 21 rather than Rule

20 of the Federal Rules of Civil Procedure to permit them to join additional Plaintiffs.

(Doc. 30, p.6).  Plaintiffs admit that their claims for joinder should be analyzed under

Rule 20.  Rule 20(a) of the Federal Rules of Civil Procedure allows permissive joinder of

plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series

of transactions or occurrences and if any question of law or fact common to all those

persons will arise in the action."  Rule 21 authorizes the Court to dismiss any misjoined

party or claim at any stage of a lawsuit.  Although Defendants only argue that Plaintiffs

---

[4] Interestingly, Defendants do not argue that they did not have adequate notice.

erred in relying on Rule 21 rather than Rule 20, the Court assumes they meant to argue that allowing Plaintiffs to amend their Complaint would be futile because the new complaint would be subject to a holding of misjoinder.  Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in Rule 20(a).  First, there must be a right to relief arising out of the same transaction or occurrence.  Second, there must be a question of law or fact common to all the plaintiffs.  For the reasons noted above, the Court finds the proposed Amended Complaint satisfies both requirements for joinder.

In sum, Plaintiffs have satisfied their burden of showing that the claims of Charles Livingston and Duane Smith should relate back to the date of the filing of the Original Complaint and therefore, the Court finds their claims are not futile.  The Court will allow Plaintiffs to file the Amended Complaint.

After due consideration, it is

**ORDERED**:

1.      Plaintiffs' Motion for Leave to Join Parties and to Amend Complaint (Doc. 28) is **GRANTED**.

2.      The Clerk is directed to file Plaintiffs' Amended Complaint, attached as an exhibit to Plaintiffs' Motion to Amend (Doc. 28).

3.      If they have not done so already, Plaintiffs are directed to serve Defendants with the Amended Complaint and Defendants are directed to file their response to the Amended Complaint ten days after service or if they have already been served with the Amended Complaint, ten days from the date of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __8th__ day of

August, 2007.

_Monte C. Richardson_
_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record