UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

James Harris,

    Plaintiff,

vs.                                                              Case No.  3:06-cv-433-J-32MCR

Frank C. Johns, Jr.; Tater Farms, L.L.C.; FPJ
Enterprises, L.L.C.; and Ronald R. Evans, Sr.,

    Defendants.
_____/

Miguel Pressley, Wilbur Cain, Arbella Eddy,
Kenneth Truitt, Steve Ware, John Washington
and Gregory Wilson,

    Plaintiffs,

vs.                                                              Case No.  3:07-cv-30-J-32MCR

Frank C. Johns, Jr.; Tater Farms, L.L.C.; FPJ
Enterprises, L.L.C.; and Ronald R. Evans, Sr.,

    Defendants.
_____/

## **O R D E R**

    **THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Depose Persons in Prison (Doc. 33) filed July 31, 2007.  A response in opposition to this Motion was filed by Defendant, Ronald R. Evans, Sr. (Doc. 37) on August 13, 2007.  In the Motion, counsel for Plaintiffs certifies that counsel for Defendants Frank Johns, Tater Farms, L.L.C. and FPJ Enterprises, L.L.C. do not oppose any of the proposed

-1-

depositions except that of Emma Mae Johnson. (Doc. 33). However, counsel for these Defendants did not file a response in opposition to the instant Motion and the time for doing so has passed. Accordingly, the matter is ripe for judicial review.

## I.  BACKGROUND

This case was initiated by Plaintiff, James Harris, a migrant farm worker for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act ("APPA"), 29 U.S.C. §§1801 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 et seq. during his employment in 2002 and 2003. (Doc. 1). Subsequently, on January 12, 2007, Plaintiffs Miguel Pressley, Wilbur Cain, Arbella Eddy, Kenneth Truitt, Steve Ware, John Washington and Gregory Wilson (the "Pressley Plaintiffs") filed suit against the same Defendants for violations of the APPA and FLSA for employment during 2003, 2004 and 2005. (See Doc. 1 in Case No. 3:07-cv-30-J-32MCR). On April 26, 2007, the Court consolidated the two actions. The parties are currently engaged in discovery.

Plaintiffs filed the instant motion, seeking an Order permitting them to take the depositions of five individuals who are currently in prison. Plaintiffs seek to depose Defendant, Ronald Evans, Sr. and four witnesses: Geocode Evans, Ronald Evans, Jr., Nathaniel Davenport and Emma Rae Johnson. Defendant, Ronald Evans, Sr. filed a response in opposition in which he argued he should not be deposed because his criminal case is presently on appeal and if he were deposed, he would refuse to answer

any questions "which is his guaranteed right under the Fifth Amendment of the United States Constitution." (Doc. 37, p.2).

## II. ANALYSIS

Federal Rule of Civil Procedure 30 provides in part:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison.

Rule 30(a)(2), Fed.R.Civ.P. Rule 26(b)(2) permits limiting discovery if: (1) it is unreasonably cumulative or duplicative, or is obtainable form some other more convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit. Rule 26(b)(2)(C), Fed.R.Civ.P. Accordingly, the Court should permit the deposition of the incarcerated individuals unless the objecting party can show the depositions fit into one of the three categories above. Williams ex rel. Williams v. Greeley, 210 F.R.D. 577, 578 (N.D. Tex. 2002). As noted above, the only Defendant to object to the depositions was Ronald Evans, Sr.[1] Mr. Evans objected to his deposition not because of any of the factors listed above, but rather because of his pending appeal. (Doc. 37). Mr. Evans states that he will refuse to answer any questions based on his Fifth Amendment privilege. Id.

Mr. Evans was a defendant in a criminal case alleging numerous violations of federal law based on much of the same activities alleged in this case. (See U.S. v.

---

[1] Although the other Defendants apparently objected to the deposition of Mr. Johnson, they did not file a written objection and therefore, the Court will assume they have abandoned any such objections.

Ronald Robert Evans, Sr. 3:05-cr-159(S4)-J-32MCR). On August 25, 2006, a jury found Mr. Evans guilty and he was sentenced to over thirty years in prison. (Docs. 598, 703). Mr. Evans appealed his conviction and that appeal is still pending. Accordingly, Mr. Evans is correct that he has the right to claim his Fifth Amendment privilege to refuse to answer questions, the answers to which might incriminate him. State of R.I. v. Carillon, 592 F.Supp. 655, 658 (D. R.I. 1984) (holding that defendants had right to claim Fifth Amendment privilege to refuse to answer questions at deposition in civil antitrust action when appeals from criminal antitrust convictions were still pending). However, it is not appropriate to prevent the deposition on this basis. Instead, the Court will permit Plaintiffs to depose Mr. Evans and the other deponents but Plaintiffs should be mindful that Mr. Evans and the other deponents are entitled to assert their Fifth Amendment privileges when appropriate.

Accordingly, the Court will grant Plaintiffs' Motion and permit the depositions of the incarcerated Defendant and witnesses. Counsel for Plaintiffs is instructed that she must confer with opposing counsel and the appropriate official at the institution(s) at which the deponents may be confined to agree on an appropriate location, time and date for the depositions.

After due consideration, it is

**ORDERED**:

Plaintiffs' Motion for Leave to Depose Persons in Prison (Doc. 33) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of August, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party